IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUSTIN CREDICO, | : | Civil No. 3:18-cv-465 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| WARDEN, FCI-ALLENWOOD MEDIUM, | : | |
| Respondent | : | |

**MEMORANDUM**

I. **Introduction**

Petitioner Justin Credico ("Credico"), a former inmate confined at the Allenwood Federal Correctional Institution in White Deer, Pennsylvania ("FCI-Allenwood"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] In the habeas petition, Credico challenged his placement in the Special Housing Unit ("SHU") pending a Special Investigative Supervisor ("SIS") investigation. (*Id.*). Credico requested a transfer to a Residential Re-Entry Center ("RRC") to serve the remainder of his prison sentence in accordance with an incentive provision in the Second Chance Act of 2007.[2] Additionally,

---

[1] On April 5, 2019, Credico was released from the custody of the Bureau of Prisons ("BOP") to his home in Coatesville, Pennsylvania. (*See* Doc. 37; BOP Inmate Locator, available at: https://www.bop.gov/inmateloc/#, providing that Credico, inmate number 71239-066, was released on April 5, 2019).

[2] On April 9, 2008, the Second Chance Act of 2007, Pub.L. No. 110-199, Title II, § 251, 122 Stat. 657, 697 ("Second Chance Act"), codified at 18 U.S.C. §§ 3621, 3624, went into effect. The Act contains provisions designed to aid prisoners in their return to society outside of prison and increases the

Credico claimed that his underlying criminal judgment did not order him to work for the Bureau of Prisons ("BOP") and, thus, his placement in a RRC should not be denied based on his refusal to work. (Doc. 4). Previously by Memorandum and Order dated February 1, 2019, the Court dismissed the habeas petition. (Docs. 33, 34).

Presently before the Court is Credico's motion (Doc. 35) for reconsideration of this Court's February 1, 2019 Order. For the reasons set forth below, the Court will deny the motion for reconsideration.

## II. Standard of Review

Motions to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) serve primarily to correct analytical errors in a prior decision of the court. *See* FED. R. CIV. P. 59(e); *United States v. Fiorelli*, 337 F.3d 282, 287-88 (3d Cir. 2003). Under Rule 59(e), "a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of . . . [n]or is it to be used to put forth additional

---

duration of pre-release placement in a RRC from six (6) to twelve (12) months. 18 U.S.C. § 3624(c)(1), (c)(6)(C).

arguments which could have been made but which the party neglected to make before judgment." *Waye v. First Citizen's Nat. Bank*, 846 F.Supp. 310, 314 (M.D. Pa. 1994) (citation omitted). A motion for reconsideration is appropriate in instances where the court has ". . . misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration* 915 F. Supp. 712 (M.D. Pa. 1996), *quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). Reconsideration of a judgment is an extraordinary remedy, and the court grants such motions sparingly. *D'Angio v. Borough of Nescopeck*, 56 F.Supp.2d 502, 504 (M.D. Pa. 1999).

## III. Discussion

The Court previously dismissed Credico's habeas petition based on his admitted failure to exhaust administrative remedies, and because it was not ripe for resolution by the Court. (*See* Docs. 33, 34). In the instant motion for reconsideration, Credico again challenges the denial of his placement in a RRC and challenges the loss of good conduct time. (*See* Docs. 35, 36). These challenges have been rendered moot by Credico's April 5, 2019 release from BOP custody. Furthermore, Credico's motion for reconsideration fails to demonstrate that there has been an intervening change in the law, that there is newly

3

discovered evidence, or that there has been a clear error of law or manifest injustice committed. His request for reconsideration is nothing more than an attempt to relitigate the matters already considered and disposed of by this Court. The Court finds that its Order of February 1, 2019 is not troubled by manifest errors of law or fact and Credico has not presented anything new, which if previously presented, might have affected the Court's decision. Consequently, the motion for reconsideration will be denied.

    A separate Order shall issue.

Date: May 31, 2019

Robert D. Mariani
United States District Judge